# UNITED STATES DISTRICT COURT
for the
District of Guam

**FILED**
DISTRICT COURT OF GUAM
NOV 17 2017
JEANNE G. QUINATA
CLERK OF COURT

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information Associated with (671) 929-1811 Stored at the Premises of Docomo Pacific, 219 S. Marine Corps Drive, Tamuning, Guam (See Attachment A) | ) ) ) ) ) ) | Case No.<br><br>MJ-17-00158 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Information Associated with (671) 929-1811 Stored at the Premises of Docomo Pacific, 219 S. Marine Corps Drive, Tamuning, Guam. Property is further described in Attachment A.

located in the _____ District of _____Guam_____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B which is incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1071 | Concealing Person from Arrest |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

CARLOS D. GRIFFITH, Deputy Marshal, USMS
*Printed name and title*

fb

Sworn to before me and signed in my presence.

Date: 11/17/17

City and state: Hagatna, Guam

_____
*Judge's signature*

JOAQUIN V.E. MANIBUSAN, JR., U.S. Magistrate Judge
*Printed name and title*

ORIGINAL

# AFFIDAVIT

I, Carlos D. Griffith, being first duly sworn, hereby depose and state as follows:

## Background of Affiant

1. I am a Deputy United States Marshal (DUSM) assigned to the District of Guam and Northern Mariana Islands with the United States Marshals Service (USMS), and have been so employed since December of 2010. Prior to my employment with USMS, I was an Investigator under the Office of Personal Management (OPM) conducting national security investigations from 2007 to 2010. Prior to my employment with OPM, I was a Deputy Marshal at the Judiciary of Guam from 2001 to 2007. Concurrent with this employment, I was a Police Officer Reservist with the Guam Police Department (GPD) assigned to Special Operations Division, Special Weapons and Tactics (SWAT) from 2003 to 2010. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigation Training Program (CITP), and the USMS Basic DUSM Training Program. I've attended numerous classes, seminars and training lectures in the investigation of criminal violations of Federal and state laws. I have conducted and participated in multiple investigations related to the execution of both Federal and State search and arrest warrants.

2. I have received formal, informal, and on the job training from USMS and other federal and local law enforcement officers and agencies who have extensive experience in investigating the whereabouts of Federal and State Fugitives.

3. Based on my training, experience, and discussions with other law enforcement officers, I am aware that fugitives often use cellular phones to communicate with family members and associates. I am aware in past investigations subscriber information, GPS coordinates, cell tower records, call logs, voicemails, SMS logs, SMS content, and other content from third party messaging apps have yielded information that was relevant and material to

1

fugitive investigations. I am familiar in the methods in which text messages are sent and received via third party phone applications, most commonly referred to as "Apps" are widely used. I am aware that this information can provide leads to locating the fugitive, or family members, associated friends and other individuals who may be assisting the fugitive to avoid apprehension or may aid in the harboring of the fugitive.

4. This affidavit is being submitted for the limited purpose of securing a search warrant. Therefore, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the cellular service provider records, logs, and information described above potentially contain evidence of violations of Title 18, United States Code, Sections 3, 1001, 1071, 3146, 3290. The specific items to be searched are described as follows:

> The text messages and all peripheral data, content, including subscriber information, call logs, method of payment, voice messages, photographs, videos, emails, cell tower records, GPS coordinates, International Mobile Equipment Identity (IMEI) number or Electronic Serial Number (ESM) for the cellular telephone, International Mobile Subscriber Identifier (IMSI) and electronic telephone book assigned to the account database of cellular (671) 929-1811

### Probable Cause

5. On October 26, 2017, The United States District Court (USDC) of Guam issued an arrest warrant for Christopher Mesa (MESA) in criminal case CR-09-00004. The warrant of arrest was issued by Judge J.V. Manibusan for MESA for failure to appear as ordered by the court.

6. Since the issuance of the warrant of arrest for MESA by the USDC, the United States Marshals Service (USMS) Task force officers have been actively surveilling known locations, interviewing known associates and families, and following up leads with no positive results.

2

Based upon my experience and knowledge of the close family and friend relations on Guam and our lack of success in finding MESA so far, I have reason be believe that MESA is being aided in his hiding and there is communication going on by these family and friends via MESA's cellphone (671) 929-1811.

7. The telephone number (671) 929-1811 is believed to belong to MESA.

8. On October 31, 2017, USMS Task Force officers located Kali Cruz (CRUZ), an associate and former girlfriend of MESA at Apt 38, Windward Hills Apartments, Yona, Guam. During the field interview CRUZ admitted to knowing MESA. CRUZ indicated MESA was previously staying with her at her apartment and CRUZ last had telephone contact with MESA as recent as October 26, 2017 via third party messaging app, WhatsApp messages. CRUZ provided the contact number for MESA as 929-1811.

9. On November 14, 2017, United States Probation Officer, Trina Duenas, confirmed that the last registered contact number for MESA was 929-1811. The phone number was provided to the probation officer by MESA as ordered by the court.

10. On November 15, 2017, USMS Task Force officers were able to determine through various open source investigative techniques that (671) 929-1811 is registered to Guam Wireless Telephone Company LLC dba Docomo Pacific.

11. Based on my knowledge and experience, subscriber information and stored electronic communications has yielded information in past investigations that is relevant and material to fugitive investigation. Such information included leads relating to the names of family members, associated friends and other individuals who may assist in the apprehension of the fugitive or may aid in the harboring of the fugitive. I further believe based upon training and experience, one way to identify associates is to obtain subscriber information for calls made to and from the target phone number and then conduct an investigation concerning those names and addresses.

12. Based on my knowledge and experience, I believe that stored electronic communications, including SMS, MMS, and other third party messaging apps that have been sent or received by subscribers, may be stored by Docomo Pacific for periods incident to and following their transmission.

13. Wireless phone providers typically retain certain transactional information about the use of each telephone, voicemail, and text-messaging account on their systems. This information can include log files and messaging logs showing all activity on the account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or e-mail addresses associated with particular telephone calls, voicemail messages, and text or multimedia messages. Providers may also have information about the dates, times, and methods of connecting associated with every communication in which a particular cellular device was involved.

14. Many wireless providers retain information about the location in which a particular communication was transmitted or received. This information can include data about which "cell towers" (i.e., antenna towers covering specific geographic areas) received a radio signal from the cellular device and thereby transmitted or received the communication in question.

15. Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages. A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received. The provider could have this information because each cellular device has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile

4

Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI"). When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers as a matter of course.

16. Wireless providers also maintain business records and subscriber information for particular accounts. This information could include the subscribers' full names and addresses, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscribers' Social Security Numbers and dates of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscribers. In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed). The providers may also have payment information for the account, including the dates and times of payments and the means and source of payment (including any credit card or bank account number).

17. In some cases, wireless subscribers may communicate directly with a wireless provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Wireless providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

5

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

18. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) & 2703(c)(1)(A), by using the warrant to require Docomo Pacific to disclose to the government copies of the records and other information (including the content of texts and communications) described in Attachment A. Upon receipt of the information described in Attachment A, government-authorized persons will review that information to locate the items described in Attachment B.

## CONCLUSION

19. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that on the computer systems in the control of Docomo Pacific there exists evidence of a crime. Accordingly, a search warrant is respectfully requested. This Court has jurisdiction to issue the requested warrant because it is "a court with jurisdiction over the offense under investigation" as defined by 18 U.S.C. § 2711, 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## REQUEST FOR AN ORDER TO DELAY NOTIFICATION

20. It is respectfully requested that this Court, pursuant to 18 U.S.C. § 2705, issue an order delaying the notification required under 18 U.S.C. § 2703(b) for a period of ninety (90) days, because there is reason to believe that notification of the existence of the order concerning this search warrant would seriously jeopardize the investigation now in progress.

## REQUEST FOR A NONDISCLOSURE ORDER

21. It is respectfully requested that this Court, pursuant to 18 U.S.C. § 2705(a)(A), issue a nondisclosure order to Docomo Pacific for a period of ninety (90) days, because

6

disclosure to any individual or entity in any matter related to this search warrant would seriously jeopardize the investigation now in progress.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Carlos D Griffith
Deputy U.S. Marshal
United States Marshals Service

## ATTACHMENT A

This warrant applies to all information associated with cellular phone number (671) 929-1811 that is stored at premises owned, maintained, controlled, or operated by Docomo Pacific, a wireless provider located at 219 S Marine Corps Drive, Tamuning, Guam.

8

# ATTACHMENT B

## INFORMATION TO BE DISCLOSED BY Docomo Pacific

Use following date range for the information requested below October 26, 2017 to November 15, 2017.

1. Text messages, call logs, voice mails, records, GPS coordinates, cell tower records, receipts, notes, ledgers, and information to assist with locating of fugitive MESA.

2. Photographs and videos, in particular photographs and videos of MESA to assist with the locating of fugitive MESA.

3. Assigned telephone number for cellular phone listed in Attachment A, and contact lists to include telephone numbers and addresses.

4. Contact list and related identifying information.

5. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited or deleted such as logs, phonebooks, saved usernames and passwords, documents, and browsing history from October 26, 2017, to the present date.